IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO<br>501 Third Street, N.W.<br>Washington, DC  20001,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENSION BENEFIT GUARANTY CORP.<br>1200 K Street, N.W.<br>Washington, DC  20005,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>Expedited Hearing Requested |

### AFA'S MOTION FOR A PRELIMINARY INJUNCTION [1/]

Pursuant to Fed. R. Civ. P. 65 and Local Rule 65.1, Plaintiff Association of Flight Attendants-CWA, AFL-CIO ("AFA"), hereby moves the Court for a preliminary injunction to enjoin Defendant Pension Benefit Guaranty Corporation ("PBGC") from initiating involuntary termination of the UAL Corporation Flight Attendant Defined Benefit Plan (the "Plan") under 29 U.S.C. § 1342 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as provided for in the Settlement Agreement By and Among UAL Corporation and all Direct and Indirect Subsidiaries and Pension Benefit Guaranty Corporation (the "Settlement Agreement").

---

[1/]　AFA's Complaint for Injunctive Relief, Memorandum Of Points and Authorities in Support of this Motion, Declaration of Matthew Babcock with attached Exhibits, Declaration of Greg Davidowitch with attached Exhibits and a Proposed Order are filed simultaneously herewith and have been served on counsel for PBGC along with a Summons.

As set forth more fully in the accompanying Memorandum of Points and Authorities in Support of AFA's Motion for a Preliminary Injunction, an injunction stopping PBGC from initiating the involuntary termination process should issue here.  <u>First</u>, AFA has a substantial likelihood of succeeding on the merits because the Settlement Agreement violates ERISA in two ways: (1) PBGC is impermissibly undertaking the involuntary termination of the Plan at the behest of United; and (2) PBGC agreed to terminate the Plan before it made a cause determination in violation of ERISA § 4042.  <u>See</u> 29 U.S.C. §§ 1341 & 1342; <u>Allied Pilots Association v. PBGC</u>, 334 F.3d 93, 97 (D.C. Cir. 2003).

<u>Second</u>, AFA will suffer irreparable injury if an injunction does not issue because its Flight Attendants will make decisions regarding whether to continue their employment with United on the basis of the benefits available to them upon termination and replacement of the Plan, as opposed to the benefits available under their current Plan.  It will not be possible to reverse the effects of these decisions after a judgment on the merits.

<u>Third</u>, it will not injure PBGC to ensure that it follows the explicit mandates of ERISA in achieving plan termination.  <u>PBGC v. LTV Corp.</u>, 496 U.S. 633, 646 (1990).  To the contrary, those provisions were enacted by Congress to further the public interest.  <u>Id.</u>

<u>Finally</u>, an injunction is in the public interest because the issues regarding the security of private pension benefits raised by this case have tremendous public import.  It is a critical element

of sound public policy that PBGC follow the mandates of ERISA in making its decision to terminate a pension plan.  AFA respectfully submits that this Court should therefore issue an injunction in the form prescribed by the attached proposed order.  See Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998).

In accordance with Local Rule 7.1(m), on May 20, 2005, the undersigned contacted Shannon Novey, counsel for PBGC, who stated that the PBGC opposes this motion.  AFA requests an expedited hearing on this matter.  As indicated in the facts described in the Memorandum of Points and Authorities in Support of AFA's Motion, it is anticipated that PBGC will issue a notice of termination in the next week, making expedited treatment essential.

Respectfully submitted,

_____
Robert S. Clayman
D.C. Bar No. 419631
Jonathan P. Rolfe
D.C. Bar No. 474296
Carmen R. Parcelli
D.C. Bar. No. 484459
Matthew E. Babcock
D.C. Bar No. 488107

GUERRIERI, EDMOND, CLAYMAN
& BARTOS P.C.
1625 Massachusetts Avenue, N.W.
Suite 700
Washington, DC 20036
(202) 624-7400

Dated: May 20, 2005         Counsel for Association of Flight
                            Attendants-Communications Workers of
                            America, AFL-CIO

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 20, 2005, copies of AFA's Complaint for Injunctive Relief, a Summons, Motion for Preliminary Injunction, Memorandum Of Points and Authorities in Support, Declaration of Matthew Babcock with attached Exhibits, Declaration of Greg Davidowitch with attached Exhibits and a Proposed Order were served by professional process server on:

Bradley Belt<br>
Executive Director<br>
Pension Benefit Guaranty Corporation<br>
1200 K Street, N.W.<br>
Washington, DC 20005

_____
Jonathan P. Rolfe