```
                                                              Page 1
 1              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3

 4    In re:                       )
                                   ) No. 02 B 48191
 5    UAL CORPORATION, et al.,     )
                                   ) Chicago, Illinois
 6                                 ) May 10, 2005
                        Debtors.   ) 10:30 a.m.
 7

 8          TRANSCRIPT OF PROCEEDINGS BEFORE THE
                HONORABLE EUGENE R. WEDOFF
 9

10    APPEARANCES:

11    MR. JAMES SPRAYREGEN
      MR. TODD GALE
12    MR. ALEX DIMITRIEF
      on behalf of the debtors;
13
      MR. FRANK CITERA
14    on behalf of the city of Chicago;

15    MR. JEFFREY COHEN
      on behalf of the PBGC;
16
      MR. FRUMAN JACOBSON
17    on behalf of the creditors committee;

18    MR. BRUCE SIMON,
      on behalf of the Air Line Pilots Association;
19
      MR. ROBERT CLAYMAN
20    on behalf of the Association of Flight Attendants;

21    MR. LEE SEHAM
      on behalf of the Aircraft Mechanics Fraternal
22    Association;

23    MR. JACK CARRIGLIO
      MR. FRANK CUMMINGS
24    on behalf of the Retired Pilots;

25    MR. PAT HERRINGTON
      on behalf of IFS;
```


Page 2

1   MR. BILL SMITH
    on behalf of the Bank of New York;
2
    MS. SHARON LEVINE
3   on behalf of the International Association of
    Machinists and Aerospace Workers.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Electronically signed by Jackleen DeFini (201-184-194-7430)                                   b0ffd064-65c8-4693-bfe6-5e64e9115794

1  defined due process, the court specifically pointed
2  to Section 1303 of Title 29, 4003 of ERISA, for the
3  right that any aggrieved party has to bring the PBGC
4  into court to challenge the propriety of action that
5  the PBGC has taken under the statute.  This is
6  critically important here.
7              Brought down to its essentials, many
8  of the parties objecting to the proposed settlement
9  between United and the PBGC are saying that the PBGC
10 is not going to be acting under its statutory power
11 to terminate a pension plan because the continued
12 existence of the plan would threaten the solvency of
13 the pension benefit guarantee system, that this plan
14 would be likely to create losses for PBGC if it were
15 allowed to continue, but that PBGC is agreeing with
16 the debtor to terminate a plan so that PBGC can
17 augment the solvency of the system by receiving funds
18 that it might otherwise not receive.
19              The information that's been presented
20 to this court would not support that interpretation.
21 But the important thing is that if the agency were to
22 act in an inappropriate way, if it were to take
23 action that's not authorized by the statute in
24 seeking involuntary termination of a pension plan,
25 the agency would be subject to a lawsuit under

1  Section 1303 to have its decision reviewed by a
2  court.  And if the agency were acting arbitrarily,
3  contrary to its statutory duties, that action could
4  be undone.  That's critical here.
5              This settlement does not itself
6  terminate the plan, any plan.  This settlement
7  provides that the PBGC will go through its
8  administrative procedures to come to a conclusion as
9  to whether the plans in question here ought to be
10 involuntarily terminated.
11             Now, as Mr. Sprayregen said at the
12 outset, it is the expectation of the debtors that
13 that decision will be in favor of involuntary
14 termination.  It would be the expectation of the
15 debtors because the debtors have said for months that
16 they believe that these plans cannot be maintained
17 without generating losses.  So PBGC may very well
18 come to the conclusion that the debtors expect.  The
19 important thing is that if the unions believe that
20 that is an arbitrary decision not consistent with
21 PBGC's statutory authority, PBGC's action is
22 reviewable in court.
23             What that means for the terms of the
24 settlement that's before this court today is that
25 this settlement does not violate the law.  The debtor

Electronically signed by Jackleen DeFini (201-184-194-7430)    b0ffd064-65c8-4693-bfe6-5e64e9115794

Page 196

1  I, GARY SCHNEIDER, CSR, RPR, DO HEREBY CERTIFY THAT
   THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
2  PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE. NOR.



AUTHENTIC COPY
The original certified E-Transcript file was electronically signed using RealLegal technology.