IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | |
| | ) | |

**ORDER APPROVING DEBTORS' EMERGENCY MOTION
TO APPROVE AGREEMENT WITH PBGC**

Upon the emergency motion (as amended hereby, the "Motion")[1] by the Debtors to approve the Agreement with PBGC attached hereto as <u>Exhibit 1</u> (as amended by this Order, the "Agreement") and incorporated herein; all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; it appearing that the relief requested is essential to the continued operation of the Debtors' businesses; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; adequate notice having been given; it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is granted in all respects. All objections not otherwise resolved or withdrawn are hereby overruled, except to the extent set forth in the Court's statements on the record in open court on May 10, 2005. The Court's statements on the record in open court on May 10, 2005 are incorporated herein by reference, including, without limitation:

(A) Under Section 4042 of ERISA, 29 U.S.C. § 1342, PBGC may terminate a pension plan in order to protect the pension benefit guaranty system with the consent of the plan sponsor without a court hearing even though that overrides the provisions of a collective bargaining agreement;

(B) Aggrieved parties have their rights under Section 4003(f) of ERISA, 29 U.S.C. § 1303(f), to bring actions against PBGC to challenge the propriety of its actions under ERISA (and PBGC reserves its rights in any such action); and

(C) The Agreement, and United's entry into the Agreement, does not violate the law.

2. Any findings by the Court herein and conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice-versa.

3. The Agreement is hereby approved.

4. The terms and conditions enumerated in <u>Exhibit 2</u> to this Order are hereby incorporated into the Agreement as though set forth herein. To the extent of any inconsistency between the originally filed Agreement and Motion, on the one hand, and this Order and Exhibit 2, on the other hand, the terms of the Order and Exhibit 2 shall control.

5. United is authorized to execute and deliver the Agreement and take any and all actions reasonably necessary to consummate the Agreement in all respects, including those actions enumerated in <u>Exhibit 2</u> to this Order.

6. All parties are authorized to enter into such other documentation as may be reasonably necessary to effectuate the terms of the Agreement, as amended hereby, including the execution and delivery of termination and trusteeship agreements (each, a "Termination Agreement"), the form of which is attached hereto as Exhibit 3, and any and all waivers, releases, discharges, exculpations, or other agreements or documents. United shall provide the Committee with notice of any such supplemental documentation.

7. Solely to the extent necessary to provide for, document, and effectuate any agreements and understandings between United, PBGC, and any other parties, entered into subsequent to the filing of the Motion and stated on the record before the Court or in the Reply in Support of Debtors' Emergency Motion to Approve Agreement with PBGC, and only as consistent therewith or as may be immaterial to United, PBGC, and/or any other parties in interest, the Agreement may be modified, amended, or supplemented in writing by the parties thereto without further order of the Court. United is authorized to execute all documents and instruments in respect of any further modification, amendment, or supplement.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Agreement.

9. Any and all computations of or other matters related to time in connection with this Order shall be governed by Bankruptcy Rule 9006. Notwithstanding any provision contained in this Order or the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, (a) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, (b) all of the provisions of this Order shall be self-executing, and (c) the automatic stay of orders authorizing the sale, use, or lease of property of the estate, to the extent applicable, shall not apply to the Order.

K&E 10320102.6

Dated: Chicago, Illinois
_____, 2005

ENTERED

MAY 1 1 2005

EUGENE R. WEDOFF
BANKRUPTCY JUDGE

---

THE HONORABLE EUGENE R. WEDOFF
UNITED STATES BANKRUPTCY JUDGE

K&E 10320102.6