IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 ) |
| UAL CORPORATION., et al., | ) Case No. 02-48191 ) (Jointly Administered) ) |
| | ) Honorable Eugene R. Wedoff ) |
| Debtors | ) Pre-Trial Hearing: May 9, 2005, 1:30 p.m. ) Settlement Hearing: May 10, 2005, 10:30 a.m. ) |
| _____ | ) |

**PBGC'S BRIEF IN SUPPORT OF
DEBTORS' EMERGENCY MOTION
TO APPROVE AGREEMENT WITH PBGC**

CHRISTOPHER T. SHEEAN, ESQ.
(ARDC #6210018)
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7087 (telephone)
(312) 857-7095 (facsimile)
csheean@kelleydrye.com

LOCAL COUNSEL

JEFFREY B. COHEN
Chief Counsel
CHARLES L. FINKE
NANCY S. HEERMANS
Associate Chief Counsels
JOHN A. MENKE
PAULA J. CONNELLY
Assistant Chief Counsels
ANDREA M. WONG
SHANNON L. NOVEY
STEPHANIE L. THOMAS
JACQUELYN M. GRAY
Attorneys
PENSION BENEFIT GUARANTY CORP.
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC 20005
(202) 326-4020, ext. 3848 (telephone)
(202) 326-4112 (facsimile)

Date: May 9, 2005          Novey.Shannon@pbgc.gov and efile@pbgc.gov

and PBGC . . . fail to agree upon a date of termination that the court has any role in fixing it."[50]

This Court, therefore, has no role in setting a termination date for the Ground Plan.

### C. Nothing in ERISA Prevents UAL and PBGC from Terminating the Pension Plans by Agreement

Nothing in ERISA prohibits a company from agreeing to a PBGC-initiated termination of its pension plan, regardless of the provisions of its collective bargaining agreement. Termination of a pension plan may be initiated by a company or by PBGC.[51] PBGC is prohibited from proceeding with a company-initiated termination under section 1341 if the termination would violate the terms and conditions of a collective bargaining agreement.[52] But there is no similar restriction on PBGC-initiated terminations under section 1342. It is a well-established tenet of statutory construction that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."[53]

To make it even clearer that collective bargaining provisions present no bar to PBGC-initiated terminations, section 1341(a)(3) explicitly provides that the prohibition in that provision does *not* limit PBGC's authority to initiate proceedings to terminate a plan under section 1342. And section 1342(c) specifically allows a PBGC-initiated termination to be implemented through

---

[50] *Id.* at 297.

[51] 29 U.S.C. §§ 1341, 1342.

[52] 29 U.S.C. § 1341(a)(3).

[53] *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal quotes omitted).

-14-

agreement between PBGC and the plan administrator. Accordingly, nothing in ERISA prevents United and PBGC from terminating the pension plans by agreement.[54]

## CONCLUSION

The Court should approve the UAL/PBGC Agreement.

Date:   May 9, 2005                           Respectfully submitted,


 /s/   Christopher T. Sheean                  JEFFREY B. COHEN
CHRISTOPHER T. SHEEAN, ESQ.                   Chief Counsel
(ARDC #6210018)                               CHARLES L. FINKE
Kelley Drye & Warren LLP                      NANCY S. HEERMANS
333 West Wacker Drive                         Associate Chief Counsels
Chicago, IL  60606                            JOHN A. MENKE
(312) 857-7087 (telephone)                    PAULA J. CONNELLY
(312) 857-7095 (facsimile)                    Assistant Chief Counsels
csheean@kelleydrye.com                        ANDREA M. WONG
                                              SHANNON L. NOVEY
LOCAL COUNSEL                                 STEPHANIE L. THOMAS
                                              JACQUELYN M. GRAY
                                              Attorneys
                                              PENSION BENEFIT GUARANTY CORP.
                                              Office of the Chief Counsel
                                              1200 K Street, N.W.
                                              Washington, DC  20005
                                              (202) 326-4020, ext. 3848 (telephone)
                                              (202) 326-4112 (facsimile)
                                              Novey.Shannon@pbgc.gov and efile@pbgc.gov

---

[54] URPBPA argues that "United cannot enter into a § 1342(c) termination agreement if doing so would constitute a breach of its fiduciary duties to one or more of the plans it seeks to terminate." URPBPA Objection at 8. But it is well established that termination of a pension plan is a "settlor function" that is not subject to fiduciary duties. *See* DOL Opinion Letter, 13 BNA Pension Reporter 472 (March 13, 1986) ("there is a class of discretionary activities which relate to the formation, rather than the management, of plans. These so-called 'settlor' functions include decisions relating to the establishment, termination and design of plans and are not fiduciary activities subject to Title I of ERISA"). *Accord Lockheed Corp. v. Spink,* 517 U.S. 882, 890-91 (1996).