## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, *et al.*, | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: May 4, 2005 @ 2:00 p.m. |
| | ) | |

## NOTICE OF DEBTORS' EMERGENCY
## <u>MOTION TO APPROVE AGREEMENT WITH PBGC</u>

**TO:    SEE ATTACHED SERVICE LIST**

      **PLEASE TAKE NOTICE** that on the 4th day of May, 2005, the Debtors shall appear before the Honorable Bankruptcy Judge Eugene R. Wedoff in the room usually occupied by him at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn St., Chicago, Illinois, 60603, and present the attached **Debtors' Emergency Motion to Approve Agreement with PBGC** copies of which are attached hereto and herewith served upon you:

**PLEASE TAKE FURTHER NOTICE** that you may obtain further information concerning these Chapter 11 cases:

At the web site of the United States Bankruptcy Court, Northern District of Illinois at www.ilnb.uscourts.gov (home page).

From the Debtors' private web site at www.pd-ual.com.

Dated: Chicago, Illinois
     April 26, 2005

Respectfully submitted,

_____
James H.M. Sprayregen, P.C. (ARDC No. 6190206)
Marc Kieselstein, Esq. (ARDC No. 6199255)
David R. Seligman, Esq. (ARDC No. 6238064)
Marc J. Carmel (ARDC No. 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
Counsel for the Debtors and Debtors In Possession

K&E 10300947.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,** | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Honorable Eugene R. Wedoff** |
| | ) | |
| | ) | Hearing Date: May 4, 2005 @ 2:00 p.m. |

## DEBTORS' EMERGENCY MOTION TO APPROVE AGREEMENT WITH PBGC

After intensive, good faith, arms' length negotiations, United and PBGC have reached a global settlement regarding United's defined benefit pension plans (the "Pension Plans"), embodied in the agreement attached hereto as Exhibit A (the "Agreement"). The Agreement, if approved, will consensually resolve virtually all issues between United and the PBGC, likely avoid the need for ERISA distress termination and minimum funding contribution trials, significantly narrow the upcoming Section 1113 trial, and accelerate United's efforts to implement the labor and non-labor cost savings and productivity improvements required for United to exit bankruptcy as a sustainable and profitable enterprise for the long term.

1.      Among other things, the Agreement contemplates PBGC-initiated (or in ERISA terminology, "involuntary") terminations of the Pension Plans under Section 4042 of ERISA, and United's entry into trusteeship agreements with PBGC, saving United $4.4 billion of minimum required cash contributions over the next six years and $1.3 billion for 2005 alone. United and PBGC still reserve the right to continue to explore alternatives to pension termination and can agree to terminate the Agreement if they decide to pursue such alternatives. Under the Agreement, United will be released from over $990 million in alleged administrative minimum

Contingent Notes.  United believes that providing these PBGC Securities will enable United to

stay within its anticipated exit financing covenants, have limited impact during the crucial post-

exit years, and not imapir United's ability to obtain exit financing.  In particular, United can pay

interest on the Senior Notes in kind through 2011.  Moreover, the Contingent Notes are not first

available for issuance until 2009, and only are issued if United has healthy financial performance

($3.5 billion EBITDAR).[27]  Finally, even the dividends on the Preferred Stock may be paid in

kind.

      38.     In contrast to the significant benefits to United of entering into the Agreement are

the risks and costs associated with a litigated outcome absent the Agreement.  If United did not

enter into the Agreement, it would have to run the risks associated with litigating a sharply

contested ERISA Section 4041 sponsor-initiated distress termination of all four Pension Plans,

together with the Section 1113(c) trial, with PBGC, AFA, AMFA, IAM, and the retired pilots

over termination of the Plans.  Even after a successful distress termination hearing, PBGC could

still assert over $990 million in alleged administrative minimum funding claims, plus almost

$800 million in other administrative/"real dollar" claims against United's controlled-group,

which could limit United's ability to formulate a feasible plan to exit Chapter 11.

*The Agreement is Consistent with ERISA and the*
*Bankruptcy Code*

      39.     The Agreement also comports with ERISA and Section 1113.  PBGC is

empowered by ERISA to enter into settlements regarding pension termination and associated

liabilities.  *See* 29 U.S.C. § 1367; *Allied Pilots Assoc. v. PBGC*, 334 F.3d 93, 99 (D.C. Cir.

2003).  For example, PBGC entered into comprehensive settlement of Trans World Airlines'

---

[27]  *See* Agreement, Exhibit B.

**Conclusion**

44.    United, in the sound exercise of its business judgment, considering the benefits of the Agreement (particularly the termination of its Pension Plans and the elimination of all Pension Plan-related liability, except PBGC's Unfunded Liability Claim, of which 45% will be assigned as United directs), the risk of costly, complex, and prolonged litigation to terminate the Pension Plans and otherwise resolve all related and other satellite claims and other issues, and the nature of the securities provided to PBGC, believes that on balance, entry into the Agreement is in the best interests of the estate and its creditors.  The Agreement represents a substantial step forward in United's efforts to restructure and rationalize its costs so that it can compete successfully for the long term.

WHEREFORE, United respectfully requests that the Court (a) enter an order authorizing the Debtors to enter into the Agreement, and (b) grant such other and further relief as is just and proper.

Dated: April 26, 2005
      Chicago, Illinois

Respectfully submitted,

James H.M. Sprayregen, P.C. (ARDC No. 6190206)
Marc Kieselstein (ARDC No. 6199255)
David R. Seligman (ARDC No. 6238064)
David A. Agay (ARDC No. 6244314)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Counsel for the Debtors and Debtors in Possession

21