```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                                      )
ASSOCIATION OF FLIGHT                 )
ATTENDANTS-CWA, AFL-CIO,              )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )  Civil Action No. 1:05CV01036
                                      )
PENSION BENEFIT GUARANTY              )
CORPORATION,                          )
                                      )
          Defendant.                  )
_____)
```

**JOINT RULE 26(f) AND LOCAL RULE 16.3 REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Plaintiff Association of Flight Attendants-CWA, AFL-CIO ("AFA"), and Defendant Pension Benefit Guaranty Corporation ("PBGC") hereby submit their report on their case planning meeting.

**I.    RULE 26(f) ISSUES.**

    1.   A meeting was held on July 12, 2005 by telephone and was attended by:

    Robert S. Clayman and Carmen R. Parcelli for Plaintiff; and

    Charles L. Finke and Shannon L. Novey for Defendant.

    2.   Pre-Discovery Disclosures.  Defendant asserts that this is an action for review on an administrative record and therefore exempt from the initial disclosure requirement of Rule 26(a)(1). Defendant intends to provide the administrative record to Plaintiff by July 22, 2005, and to file the record with the Court thereafter. Defendant also asserts that the material in the administrative record satisfies any obligation for initial disclosures, in the

event this case is not found to be exempt under Rule 26(a)(1). Plaintiff disagrees with Defendant's position that this case is limited to the administrative record and asserts that initial disclosures are due by July 27, 2005 pursuant to Rule 26(a)(1). If necessary, Plaintiff will file a motion to compel initial disclosures and other discovery.

    3.    Discovery Plan.  Defendant asserts that no discovery is available in this case and thus a discovery plan is unnecessary. Plaintiff asserts that discovery is available and proposes the following discovery plan.

    Discovery will be needed on the following subjects: negotiations between Defendant and United regarding the settlement agreement entered between those parties; Defendant's conduct pursuant to the settlement agreement; Defendant's knowledge and analysis of the viability of the Flight Attendant Plan; and Defendant's policies and past practices regarding pension plan termination.

    All discovery commenced in time to be completed by September 30, 2005.

    Maximum of twenty-five interrogatories by each party to any other party.

    Maximum of twenty-five requests for admission by each party to any other party.

    Maximum of ten depositions by Plaintiff and ten by Defendant. Each deposition limited to a maximum of seven hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due by September 15, 2005.

4. Other Items. The parties do not request a conference with the Court before entry of the scheduling order.

The parties agree that settlement is unlikely.

Defendant asserts that this case should be resolved on a motion for summary judgment and proposes to file its motion for summary judgment by September 30, 2005, with Plaintiff's opposition and/or cross-motion for summary judgment due by October 21, 2005, Defendant's reply due by November 4, 2005, and Plaintiff's reply in support of a cross-motion for summary judgment due by November 18, 2005.

Plaintiff believes that this case may be resolved on summary judgment, unless production of the administrative records and other discovery reveals disputed material facts. Plaintiff proposes that summary judgment motions be filed by October 31, 2005, oppositions by November 15, 2005, and reply memorandums by November 30, 2005.

Plaintiff further proposes that final lists of witnesses and exhibits should be due within fourteen days of the Court's ruling on motions for summary judgment. Parties should have seven days after service of final lists of witness and exhibits to list objections under Rule 26(a)(3). The case should be ready for trial thirty days from the Court's ruling on summary judgment.

**II. LOCAL RULE 16.3(c) ISSUES.**

1. Defendant asserts that this case should be decided on summary judgment on the basis of the administrative record alone.

Plaintiff asserts that there is a possibility that the case may be decided by summary judgment, if production of the administrative records and other discovery reveals no disputed material facts.

2. The parties propose that the deadline for adding additional parties and amending the pleadings should be twenty-one days after the Court enters the scheduling order.

3. The parties do not consent to assignment of the case to a magistrate judge for all purposes, including trial.

4. The parties do not believe there is a realistic possibility of settling the case.

5. The parties do not believe that this case would benefit from the Court's alternative dispute resolution procedures.

6. Defendant proposes to file its summary judgment motion by September 30, 2005 without any prior discovery, with Plaintiff's opposition and/or cross-motion for summary judgment due by October 21, 2005, Defendant's reply due by November 4, 2005, and Plaintiff's reply in support of a cross-motion for summary judgment due by November 18, 2005.  Plaintiff proposes that summary judgment motions be filed after the close of discovery by October 31, 2005, oppositions by November 15, 2005, and reply memorandums by November 30, 2005.

7. Defendant asserts that this case is exempt from initial disclosures under Rule 26(a)(1).  Defendant also asserts that the material in the administrative record satisfies any obligation for initial disclosures, in the event this case is not found to be exempt under Rule 26(a)(1).  Plaintiff asserts that this case is

subject to the initial disclosure requirement, and that disclosures are due on July 27, 2005 pursuant to Rule 25(a)(1).

    8. Defendant asserts that there should be no discovery in this case. Please see Section I.3 above for Plaintiff's discovery plan.

    9. Defendant asserts that there should be no discovery in this case. Plaintiff proposes that expert reports be produced by September 15, 2005, and all discovery concluded by September 30, 2005.

    10. This case is not brought as a class action.

    11. The parties do not believe that the trial and/or discovery should be bifurcated at this time.

    12. Plaintiff proposes that the pretrial conference should be scheduled such that a trial may commence thirty days from the Court's ruling on summary judgment.

    13. Plaintiff proposes that at the first scheduling conference the Court should set a trial date thirty days from a ruling on summary judgment.

    14. No other matters are appropriate for inclusion in the scheduling order.

Respectfully submitted,


 /s/ Robert S. Clayman
Robert S. Clayman, DC Bar No. 419631
Carmen R. Parcelli, DC Bar No. 484459
GUERRIERI, EDMOND, CLAYMAN & BARTOS, P.C.
1625 Massachusetts Ave., N.W., Ste. 700
Washington, DC  20036
rclayman@geclaw.com
cparcelli@geclaw.com
Telephone: (202) 624-7400
Facsimile: (202) 624-7420

Attorneys for Plaintiff Association of
Flight Attendants-CWA, AFL-CIO


 /s/ Andrea M. Wong
JEFFREY B. COHEN, DC Bar #347880
Chief Counsel
CHARLES L. FINKE
Associate Chief Counsel
SHANNON L. NOVEY, DC Bar #476277
ANDREA M. WONG, DC Bar #449128
Attorneys
Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC  20005
wong.andrea@pbgc.gov
efile@pbgc.gov
Telephone: (202) 326-4020, ext. 3448
Facsimile: (202) 326-4112

Attorneys for Defendant Pension Benefit
Guaranty Corp.

Date:  July 21, 2005