IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS – CWA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>PENSION BENEFIT GUARANTY CORPORATION,<br><br>Defendant. | Civil Action No.: 1:05CV01036<br>(ESH) |

**UNOPPOSED MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE FILING OF CERTAIN DOCUMENTS UNDER SEAL**

The Pension Benefit Guaranty Corporation ("PBGC") moves for entry of an order authorizing PBGC to file under seal volumes 6 through 12 of the Administrative Record of its termination decision. In support of this motion, the agency respectfully represents as follows:

1. By this Motion, PBGC respectfully requests that the Court enter an order authorizing the PBGC to file volumes 6 through 12 of its Administrative Record ("Confidential Documents") under seal in accordance with Fed. R. Civ. P. 26(c)(7) and Local Civil Rule 5.1, and directing that the Confidential Documents shall remain under seal and confidential indefinitely. Access to the documents would be limited to (i) Defendant PBGC and its counsel and other advisors and (ii) Representatives of the Plaintiff, Association of Flight Attendants-CWA, AFL-CIO ("AFA") and its counsel.

2. Good cause exists for the Court to grant the relief requested herein. Certain

documents in the administrative record that PBGC will submit to this court contain highly confidential and sensitive business information and are subject to one of two confidentiality agreements that PBGC has entered into as a result of United's ongoing Chapter 11 Bankruptcy proceedings in the Bankruptcy Court for the Northern District of Illinois. These documents include (i) pension plan financial reports, asset data, and Actuarial Valuation Reports; (ii) forecasts and other data about pension contributions; (iii) communication by and between PBGC and its experts relating to pension plan underfunding; (iv) United's business plan and model and other financial information; and (v) communication by and between United and PBGC relating to pension plan underfunding.

3. Filing the Confidential Documents under seal is necessary because (i) disclosure of some of them would violate 29 U.S.C. § 1310; (ii) disclosure of some of them would violate the confidentiality agreements between United and PBGC and between PBGC and the Official Committee of Unsecured Creditors; (iii) PBGC, a government agency, in the course of fulfilling its statutory mission, has regular need for business confidential information and thus has a compelling interest in honoring its confidentiality agreements; and (iv) disclosure could harm United by giving its competitors and others access to highly confidential and proprietary information about the Company's business plans, potential future initiatives, and financial modeling and projections.

4. AFA also has a confidentiality agreement with United.

5. AFA does not object to the relief requested by this Motion.

For the above-stated reasons, as set out more fully in PBGC's Memorandum in Support of Its Motion for Entry of an Order Authorizing The Filing of Certain Documents

under Seal, PBGC respectfully requests that the Court enter an order substantially in the form attached hereto authorizing the PBGC to file the Confidential Documents under seal and granting such other and further relief as the Court deems appropriate.

Dated: July 22, 2005                                Respectfully submitted,

/s/ Andrea M. Wong
JEFFREY B. COHEN, DC Bar #347880
Chief Counsel
CHARLES L. FINKE
Associate Chief Counsel
PAULA CONNELLY, DC Bar #389055
JOHN A. MENKE, DC Bar #370540
Assistant Chief Counsels
SHANNON L. NOVEY, DC Bar #476277
ANDREA M. WONG, DC Bar #449128
JACQUELYN M. GRAY
Attorneys
Pension Benefit Guaranty Corp.
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC  20005
wong.andrea@pbgc.gov
efile@pbgc.gov
(202) 326-4020, ext. 3448 (telephone)
(202) 326-4112 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS – CWA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>PENSION BENEFIT GUARANTY CORPORATION,<br><br>Defendant. | Civil Action No.: 1:05CV01036<br>(ESH) |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING DOCUMENTS UNDER SEAL**

The Pension Benefit Guaranty Corporation ("PBGC") moves for entry of an order authorizing PBGC to file under seal volumes 6 through 12 of the Administrative Record of its termination decision. These documents contain or are derived from (1) information provided to PBGC confidentially pursuant to 29 U.S.C. § 1310 ("Section 1310 Information"); (2) settlement proposals regarding the United Airlines Flight Attendant Defined Benefit Pension Plan ("FA Plan" or "Plan"); and (3) business proprietary information provided to PBGC pursuant to confidentiality agreements with United Air Lines, Inc. ("United") and the Official Committee of Unsecured Creditors ("OCUC") in United's bankruptcy case, the release of which could harm United's competitive position and its ability to reorganize effectively under Chapter 11, as well as PBGC's ability to fulfill its statutory function. For these and other reasons, PBGC respectfully requests that these documents be sealed.

**BACKGROUND**

The Association of Flight Attendants-CWA, AFL-CIO ("AFA") filed the instant action on May 20, 2005, seeking to enjoin PBGC from initiating the decision-making process to terminate the FA Plan. AFA's motion for preliminary injunction was denied by the Court in an opinion dated June 8, 2005. On June 30, 2005, AFA amended its original complaint to seek to enjoin the termination of the FA Plan, or in the alternative to seek restoration of the Plan under 29 U.S.C. § 1347. On June 23, 2005, PBGC issued a Notice of Determination that the Plan should be terminated pursuant to 29 U.S.C. § 1342. Effective June 30, 2005, as authorized by 29 U.S.C. § 1342(c), PBGC and United entered into an agreement terminating the Plan and appointing PBGC trustee of the Plan as of that date.

AFA brought this suit pursuant to 29 U.S.C. § 1303(f), which allows the collective bargaining representative of participants adversely affected by agency action to bring suit challenging that action. Such actions are, under relevant case law, reviewed on the agency's administrative record under the arbitrary and capricious standard. Accordingly, PBGC has provided the AFA with a copy of the complete Administrative Record and files a copy with the court simultaneously with this motion.

PBGC seeks an order sealing volumes six through twelve of the record. The contents of these volumes are as follows:

Volumes 6-8: United's business model, business confidential information, provided pursuant to confidentiality agreement.

Volume 9: United financial forecasts and reorganization assumptions, provided pursuant to confidentiality agreement; materials on pension plan underfunding, forecasts and other data about pension contributions, and other correspondence with UAL, all of which consist of correspondence and reports

                incorporating Section 1310 Information and business confidential information regarding United provided by United or the OCUC pursuant to a confidentiality agreement.

Volume 10:   Draft proposals regarding the Plan; United financial data, consisting of United presentations of and correspondence about or including business confidential information, provided pursuant to confidentiality agreement.

Volume 11:   Pension plan financial reports and asset data, consisting of or derived from Section 1310 Information and incorporating confidential business information, provided pursuant to confidentiality agreement.

Volume 12:   Annual valuation reports and financial statements, consisting of or derived from Section 1310 Information and incorporating business confidential information, provided pursuant to confidentiality agreement.

**ARGUMENT**

The court may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. While there is a strong presumption in favor of public access to judicial proceedings, the law of the D.C. Circuit requires this court to balance six factors in determining whether to place documents under seal.[1] These factors are: "1) the need for public access to the documents at issue; 2) the extent to which the public had access to the documents prior to the sealing order; 3) the fact that a party has objected to disclosure and the identity of that party; 4) the strength of the property and privacy interests involved; 5) the possibility of prejudice to those opposing disclosure; and 6) the purposes for which the

---

[1] *EEOC v. National Children's Center, Inc.,* 98 F.3d 1406, 1409 (D.C. Cir. 1996); *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). Although this standard was first developed in a criminal case, the standard is the same for civil cases. *See Johnson v. Greater Southeast Community Hospital Corporation*, 951 F.2d 1268 (D.C. Cir. 1991).

documents were introduced."[2]  All of these factors support sealing volumes 6 through 12 of the administrative record, and each factor shall be addressed in turn.

There is no great need for public access to the documents at issue.  There are two types of information PBGC is requesting to have sealed.  First is information United provided PBGC pursuant to 29 U.S.C. § 1310, which, along with the implementing regulations, requires plan sponsors, under certain circumstances, to provide PBGC with data regarding their pension plans, including the value of the plan's assets, the value of its benefit liabilities, and its funding requirements.[3]  Most of volumes 9, 11 and 12 consists of such materials or calculations, or discussions of such materials.  By enacting § 1310, Congress has already found that PBGC's compelling interest in receiving this information outweighs the public interest in access.  The second type of information is confidential business materials, which, if released, could harm United's competitive position.  Further, the information within these records are exempt from production under the Freedom of Information Act,[4] and therefore the documents would not otherwise be available to the public.

Second, none of these materials have previously been made public.[5]  Most, if not all of the material has been provided to PBGC pursuant to confidentiality agreements or

---

[2] *Johnson*, 951 F.2d at 1277 n. 14.

[3] 29 U.S.C. § 1310(c); 29 C.F.R. § 4010.7.

[4] 5 U.S.C. § 552.

[5] See *SEC v. Stratton Oakmont, Inc.,* 1996 WL 312194, *2 (D.D.C. 1996), ("the Court cannot justify keeping information under seal that is substantially in the public domain.").  United has repeatedly kept its financial information out of the public eye through confidentiality agreements, and PBGC has not previously released any of the information in these volumes through a FOIA requests or judicial proceeding.

required confidential submissions. None of the documents have been made public through the ongoing bankruptcy proceeding, and in fact other courts have permitted PBGC to file the very same type of material under seal in the other administrative record cases related to United's pension plans.[6]

Third, although not in a formal manner and not as a party to this case, United has previously requested that the materials like those in volumes six through twelve remain under seal as they include confidential business materials, which, if released, could harm United's competitive position.[7] In fact, because United is not a party to the case, keeping these documents under seal will better protect its interest, which is otherwise not represented.[8]

Fourth, the property and privacy interests involved are very strong. As previously stated, releasing United's financial information could harm its competitive position. In addition, these materials were provided to PBGC under confidentiality agreements with United and the OCUC. In the course of fulfilling its statutory function, PBGC, a government agency, has a regular need for confidential business information and thus has a compelling interest in honoring its confidentiality agreements. Not only is it important to respect the

---

[6] *PBGC v. United Air Lines, Inc.* 02-B-48191, Adv. Proc. No. 05-481 (ND IL B Ct 2004) Doc. #33 (Attachment A). Similarly, a motion was filed in *PBGC v. United Air Lines, Inc.* 05cv269 (ED VA 2005) Doc. # 63.

[7] See *In re PEPCO Employment Litigation*, 1992 WL 115611, *8 (D.D.C. 1992) (where the court recognized that certain internal company documents, to which the public otherwise had no access, were justifiably sealed).

[8] See *In re Vitamins Antitrust Litigation*, 357 F.Supp. 2d 50, 51 (D.D.C. 2004); *McConnell v. Federal Election Commission*, 251 F.Supp. 2d 919, 932 (D.D.C. 2003) ("litigants to [a] proceeding have a lesser claim to privacy than third parties").

confidentiality agreements, but § 1310 shows clear Congressional intent to protect the information PBGC receives under that section. The documents also include proposals of settlement regarding the Plan. As this court has previously recognized, there is a strong public interest in keeping settlement negotiations confidential so as to encourage the settlement of complex law suits.[9]

Fifth, there will be prejudice to the PBGC and United if this confidential information is released. United would be put at an economic disadvantage if its business plan were available for public consumption. Moreover, as PBGC must continuously request sensitive information from many businesses regarding their financial condition and the financial condition of their pension plans, a denial of this motion would hinder PBGC's ability to gain access to information needed to carry out its statutory functions. Further, to require the disclosure of information protected by the statute would run counter to Congressional intent.

Sixth, the documents are being introduced as part of the administrative record. PBGC will be providing the AFA with these sealed records, because AFA has also entered into a confidentiality agreement with United as well as the OCUC.

No other method of protecting this information will suffice. The material is voluminous. Any other procedure, such as redaction, would be extremely burdensome for PBGC and would not serve any public interest.

---

[9] *In re Vitamins Antitrust Litigation* at 51.

For the above-stated reasons, PBGC respectfully requests that the Court enter an order substantially in the form attached hereto authorizing the PBGC to file the Confidential Documents under seal and granting such other and further relief as the Court deems appropriate.

Dated: July 22, 2005                                  Respectfully submitted,


                                           /s/ Andrea M. Wong
JEFFREY B. COHEN, DC Bar #347880
Chief Counsel
CHARLES L. FINKE
Associate Chief Counsel
PAULA CONNELLY, DC Bar #389055
JOHN A. MENKE, DC Bar #370540
Assistant Chief Counsels
SHANNON L. NOVEY, DC Bar #476277
ANDREA M. WONG, DC Bar #449128
JACQUELYN M. GRAY
Attorneys
Pension Benefit Guaranty Corp.
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC  20005
wong.andrea@pbgc.gov
efile@pbgc.gov
(202) 326-4020, ext. 3448 (telephone)
(202) 326-4112 (facsimile)