UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-1036 (ESH) |
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION

Defendant Pension Benefit Guaranty Corporation ("PBGC") has filed an unopposed motion seeking to file under seal volumes six through twelve of the administrative record. Balancing the interests of the public, the parties, and third parties, the Court will grant the motion.

### BACKGROUND

Plaintiff Association of Flight Attendants ("AFA") filed this suit to enjoin defendant from initiating the decision-making process to terminate the United Airlines Flight Attendant Defined Benefit Pension Plan ("FA Plan"). On June 8, 2005, this Court denied plaintiff's motion for a preliminary injunction. On June 23, PBGC issued a Notice of Determination that the FA Plan should be involuntarily terminated pursuant to 29 U.S.C. § 1342. On June 30, plaintiff amended its complaint to seek an injunction barring termination of the FA Plan, or alternatively to have it restored pursuant to 29 U.S.C. § 1347. Effective that same date, PBGC and United Airlines

formally agreed to terminate the FA Plan and to appoint PBGC as its trustee.

Defendant now moves for an order to seal seven volumes of the administrative record. The documents include United Airlines' business model, its financial forecasts and reorganization assumptions; pension plan underfunding materials provided to PBGC pursuant to a confidentiality agreement; draft proposals regarding the FA Plan; confidential United financial data; pension plan financial reports and asset data; and annual valuation reports. (Def.'s Mot. at 2-3.)

## ANALYSIS

There is a "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Southeast Cmty. Hosp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)) (internal quotation marks omitted). But "portions of the record -- such as documents filed with the court or introduced into evidence -- often have a private character, diluting their role as public business." *Id.* In order to seal a part of this case's record, the Court must weigh six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

First, Congress has already implicitly found that there is no need for public access to the type of information at issue in United's submissions to the PBGC. The Employee Retirement

Income Security Act ("ERISA") provides:

> *Information exempt from disclosure requirements.* Any information or documentary material submitted to the corporation pursuant to this section shall be exempt from disclosure under section 552 of title 5 [the Freedom of Information Act ("FOIA")], and no such information or documentary material may be made public, except as may be relevant to any administrative or judicial action or proceeding. Nothing in this section is intended to prevent disclosure to either body of Congress or to any duly authorized committee or subcommittee of the Congress.

29 U.S.C. § 1310(c).

Thus, insofar as three volumes consist primarily of § 1310 materials and analyses thereof, the presumption in favor of disclosure of such court records has already been statutorily altered, and the case against public disclosure is accordingly strong.

As for the materials not submitted pursuant to § 1310, but rather provided by United as part of its negotiations with PBGC for the termination of the FA Plan (or otherwise provided by the airline or the Official Committee of Unsecured Creditors ("OCUC")), these were almost exclusively provided pursuant to a confidentiality agreement with the agency.  The public has an interest in government agencies keeping their word, including via confidentiality agreements, so that the agencies can gather the private information necessary to fulfill their statutory duties.  The public interest also favors facilitating settlements involving complex issues, where the parties must often broach private matters in order to resolve issues. *See In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51-52 (D.D.C. 2004) ("[T]he attraction of resolving a case by settlement may be lost if the court allows the contents of settlement negotiations to be disclosed once the negotiations have concluded.").  Further, FOIA specifically exempts from disclosure materials such as these that involve "trade secrets and commercial or financial information obtained from a

person and privileged or confidential." 5 U.S.C. § 552(b)(4).  This further indicates that Congress has determined that such records do not warrant public disclosure in circumstances like those here.  Accordingly, the need for public access to United's internal materials discussing, *inter alia*, its business strategy is minimal.

As for the second *Hubbard* factor, the public has not previously had access to the materials at issue here.  The materials were provided to the agency pursuant to confidentiality agreements, and other courts that have likewise received these materials have sealed them.  *See In re United Air Lines, Inc.*, No. 02-48191 (Bankr. N.D. Ill. Mar. 18, 2005); *PBGC v. United Air Lines, Inc.*, No. 05-269 (E.D. Va. July 5, 2005).

Third, United, although not a party before the Court, has previously objected to disclosure of such materials in order to protect its competitive position and its ability to emerge from bankruptcy.  *See id.*  Moreover, PBGC -- for the public interest reasons already stated -- objects to such disclosures,[1] and as a nonparty, United has a particular interest in maintaining the privacy of its records.  *See, e.g.*, *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 932 (D.D.C. 2003).

Fourth, strong property and privacy interests are at stake here.  As stated, disclosure of United's financial information could substantially harm its competitive position and its ability to emerge from bankruptcy.  It has a strong property and privacy interest in such information.  *See, e.g.*, *In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d at 51-52 (allowing documents to be filed provisionally under seal where "there are interests at stake that belong to entities other than [the

---

[1] The AFA likewise has a confidentiality agreement with United precluding it from disclosing such records.  Although it has not specifically argued in favored of sealing these records, it does not oppose defendant's motion.

parties presently before the Court]"). Likewise, PBGC has a compelling interest in honoring its confidentiality commitments.

Fifth, the risk of prejudice to objectors United and PBGC is substantial. Public disclosure of United's business plan could damage its competitive position. Likewise, disclosure of information provided to defendant that PBGC has pledged to keep confidential might hinder the agency's ability to secure such private information in the future, and thus, would hinder its ability to carry out the statutory purposes of ERISA.

Sixth, these documents are being provided as part of the administrative record for this case. They will be fully available to the litigants and to the Court as motions practice proceeds, but there is no compelling reason for their public disclosure.

Accordingly, because balancing these six factors argues strongly in favor of sealing volumes six through twelve of the administrative record, defendant's unopposed motion is granted.

An appropriate Order accompanies this Memorandum Opinion.

                                                                                 s/
                                                 ELLEN SEGAL HUVELLE
                                                 United States District Judge

Date: July 26, 2005