# Attachment B

AFAvPBGC

1

    1                   UNITED STATES DISTRICT COURT

    2                 FOR THE DISTRICT OF COLUMBIA

    3   -----------------------------------X

    4   ASSOCIATION OF FLIGHT ATTENDANTS    Civil Action No. 05-1036

    5                       Plaintiffs

    6      v.

    7   PENSION BENEFIT GUARANTY CORP.,

    8                      Defendant,

    9   -----------------------------------X Washington, D.C.
                                                  Wednesday, Aug. 10, 2005
   10                              1:30 P.M.

   11                   TRANSCRIPT OF MOTION
               BEFORE THE HONORABLE ELLEN SEGAL HUVELLE
   12              UNITED STATES DISTRICT JUDGE

   13

   14   APPEARANCES:

   15   For the Plaintiffs:        CARMEN R. PARCELLI, ESQUIRE
                                      Guerrieri, Edmond, Clayman &
   16                               Bartos, P.C.
                                        1625 Massachusetts Ave., N.W.
   17                               Washington, D.C. 20001
                                        202-624-7400
   18

   19
         Court Reporter:            Lisa Walker Griffith, RPR
   20                               U.S. District Courthouse
                                        Room 4802-A
   21                               Washington, D.C. 20001

   22                               202-898-1068

   23   Proceedings recorded by mechanical stenography, transcript
          produced by computer.
   24

   25

2

    1   For the Defendant:         CHARLES FINKE, ESQUIRE
                                      JACQUELYN GRAY, ESQUIRE
    2                               PAULA J. CONNELLY, ESQUIRE
                                      Pension Benefit Guaranty Corp.

Page 1

AFAvPBGC

28

21   MS. PARCELLI: But Your Honor, Mr. Finke said
22  previously in his colloquy with you that if we were right on
23  this and they had predetermined it, then that would be a
24  violation of ERISA.
25   THE COURT: But preordained is one thing, versus

1   having a pretty firm understanding of what the economics are
2   that you're looking at.
3           Okay. You are assuming predetermination is wrong and
4   having a fair understanding that where you are going is wrong,
5   too. It is going to be tough.
6           MS. PARCELLI: I wouldn't want to leave you with the
7   impression that that is the entire case here either, because
8   surely we have this aspect that, the settlement agreement ended
9   up being this rationale for terminating. You have to feel like
10  you were set up. This was something that the agency decided it
11  was going to enter into, for its own reasons, that quite frankly
12  are not the reasons under 4042.
13          Then once they get into 4042, they go well, it's too
14  good. We set up this situation where, under 4042, we're going
15  to find that you should be terminated. So there is that aspect
16  to it as well.
17          THE COURT: Is there any hope at the union of settling
18  this? In the context of the bankruptcy -- I read the judge's
19  opinion in -- it must have been Illinois --
20          MS. PARCELLI: Yes, Judge Der-Yeghiayan.
21          THE COURT: He made this point, and I echo it, you
22  have a major problem with the statute. It's written in a way
23  that they're not your representatives, the agency. If their
24  balance sheet continues to be the way it is, it is just like
25  looking at the FDIC and the savings and loan industry. If that

Page 24

AFAvPBGC

29

```
 1   is an issue, their solvency and their ability to survive can
 2   trump anything almost.  I don't understand it, but that's what
 3   the statute says.
 4           MS. PARCELLI:  Your Honor, to distinguish, what we're
 5   doing in that case is challenging United's action.  United has a
 6   clear obligation under the law, under the Railway Labor Act, to
 7   negotiate with us about these matters.  And also a clear
 8   obligation under section 1113 in the bankruptcy code not to go
 9   out and alter our collective bargaining agreement without
10   engaging us.  So those aspects we think are clearly distinct.
11           THE COURT:  But the judge in Illinois talks about the
12   ERISA statute, he's not talking about the bankruptcy statute.
13   He's saying, and his point is extremely well taken, and the
14   congressmen that have supported you see it.  There is a problem,
15   to the extent you embrace your argument, with the statute.  He's
16   talking about the ERISA statute, he's not talking about United's
17   actions under the bankruptcy.
18           Okay, Mr. Finke, can you respond on this regulation
19   thing?
20           MR. FINKE:  Yes, Your Honor.
21           THE COURT:  What are we talking about?
22           MR. FINKE:  We never have looked at these regs as
23   requiring some sort of formal determination, decision making
24   process.
25           THE COURT:  About settlements?
```

30

```
 1           MR. FINKE:  About settlements.  If -- what they do is
 2   they simply state the conditions in which we can consider
```

Page 25