IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,  )<br><br>Plaintiff, )<br><br>v.  )<br><br>PENSION BENEFIT GUARANTY CORPORATION,  )<br><br>Defendant.  ) | Civil Action No. 1:05CV01036 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Association of Flight Attendants-CWA, AFL-CIO ("AFA"), hereby submits its response to the Defendant Pension Benefit Guaranty Corporation's ("PBGC") statement of undisputed material facts. As a general response, PBGC's statement of material facts omits any reference to the settlement agreement entered between PBGC and United as a basis for PBGC's decision to terminate the Flight Attendant Plan. PBGC's Administrative Record plainly establishes that the Agency relied on the settlement agreement as a basis for plan termination. AR 7, 19, 32-33.[1] Thus, PBGC omits key material facts from its statement.

AFA responds specifically to each paragraph of PBGC's statement of material facts as follows.

1. AFA does not dispute this statement of fact.

---

[1] Citations to the administrative record submitted by PBGC is this case are in the form "AR __" or "AR-S __" for sealed portions of the record.

2. AFA does not dispute this statement of fact.

3. AFA does not dispute this statement of fact.

4. AFA does not dispute this statement of fact.

5. PBGC omits material facts from this statement of fact, as stated in AFA's Statement of Material Facts Not in Genuine Dispute ("AFA SOMF"), ¶ 27 (AR-S 4495).

6. PBGC omits material facts from this statement of fact, as stated in AFA's SOMF ¶¶ 11-14.

7. United filed its Section 1113 motion on November 25, 2004, not December 14, 2004 as stated. See AFA SOMF ¶ 15. Otherwise, AFA does not dispute this statement of fact.

8. AFA does not dispute the first sentence of PBGC's statement of fact. AFA disputes the second sentence of PBGC's statement of fact because the expert report analyzed various fuel price scenarios. See AFA SOMF ¶ 18.

9. AFA disputes this statement of fact. AFA reached a tentative agreement with United on the wage and work rule concessions in the Company's November 2004 Section 1113 proposal on January 8, 2005, and the agreement was ratified by the membership on January 31, 2005. AFA SOMF ¶ 22. In addition, there were other unions with whom United had not reached agreement on its Section 1113 proposals to them by January 2005. AR 1370-71. AFA also disputes PBGC's characterization that any agreements reached "resolved the most immediate of [United's] pressing financial concerns in the first quarter of 2005."

10. AFA disputes the first sentence of this statement of fact. AFA and United agreed as follows:

> United will withdraw without prejudice its Section 1113(c) rejection motion as to AFA-CWA, and United and AFA-CWA will continue to meet and confer regarding

the Defined Benefit Plan. If the parties have not reached agreement on the Defined Benefit Plan by April 11, 2005, United will refile its Section 1113(c) motion (and accompanying memoranda) on that date . . . and the parties will proceed with a hearing (no earlier than May 11) on the motion as though the motion had remained pending and had not been withdrawn.

Davidowitch Decl. (filed May 20, 2005), Ex. 2 at 1. AFA does not dispute the second sentence of this statement of fact.

11. AFA does not dispute this statement of fact.

12. AFA disputes that PBGC and United agreed to "a process by which the United pension plans might be terminated" in the settlement agreement, but rather had agreed that PBGC would involuntarily terminate the Flight Attendant Plan. See AFA SOMF ¶¶ 27-29. Otherwise, AFA does not dispute this statement of fact.

13. AFA does not dispute this statement of fact.

14. AFA does not dispute that PBGC's outside financial experts wrote a report on May 18, 2005, concluding that United could not afford the Flight Attendant Plan based on then-current fuel prices. AFA disputes the characterization of the report as "detailed." See AFA SOMF ¶¶ 40, 47 (Kramer Dep. at 28-29).

15. AFA does not dispute this statement of fact.

16. AFA does not dispute this statement of fact.

17. AFA does not dispute this statement of fact.

18. AFA does not dispute this statement of fact.

19. AFA does not dispute this statement of fact.

20. AFA does not dispute that United had instituted the process to terminate its remaining pension plans, including the Flight Attendant Plan, by the time PBGC staff recommended

termination of the Flight Attendant Plan. AFA disputes that PBGC has presented evidence that "United had revised its position that its pension plans <u>may</u> have to be terminated."

21. AFA does not dispute this statement of fact.

22. AFA does not dispute this statement of fact.

23. PBGC omits material facts from this statement of fact, as stated in AFA's SOMF ¶ 51.

24. AFA does not dispute this statement of fact.

25. AFA does not dispute this statement of fact.

26. AFA does not dispute this statement of fact.

27. AFA does not dispute this statement of fact.

                              Respectfully submitted,

                              /s/ Robert S. Clayman
                              Robert S. Clayman, D.C. Bar No. 419631
                              Carmen R. Parcelli, D.C. Bar. No. 484459
                              Guerrieri, Edmond, Clayman & Bartos, P.C.
                              1625 Massachusetts Avenue, N.W., Ste. 700
                              Washington, DC 20036-2243
                              (202) 624-7400

                              Counsel for Association of Flight
Dated: October 24, 2005              Attendants-CWA, AFL-CIO

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2005, I electronically filed Plaintiff's Response to Defendant's Statement of Undisputed Material Facts using the CM/ECF system. I further certify that on October 24, 2005, a true and correct copy of the same was served by electronic mail on:

        Jeffrey B. Cohen
        Chief Counsel
        Pension Benefit Guaranty
         Corporation
        1200 K Street, N.W.
        Washington, D.C. 20005
        cohen.jeffrey@pbgc.gov

        Attorney for defendant PBGC

                              /s/ Robert S. Clayman
                              Robert S. Clayman