IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS – CWA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>PENSION BENEFIT GUARANTY CORPORATION,<br><br>Defendant. | Civil Action No.: 1:05CV01036<br>(ESH) |

**DEFENDANT PBGC'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendant Pension Benefit Guaranty Corporation ("PBGC") hereby submits its response to the Plaintiff Association of Flight Attendants-CWA, AFL-CIO's ("AFA") statement of undisputed material facts.

PBGC responds generally that facts relating to other termination actions, including the termination of United's other pension plans, are not material to this case. PBGC maintains that, in compliance with 29 U.S.C. § 1342, PBGC considered the specific facts and circumstances of the Flight Attendant's Pension Plan ("FA Plan" or "Plan") when it made its determination to terminate the FA Plan. This suit challenges PBGC's decision to terminate the FA Plan, and not PBGC's decision to terminate any other pension plan, about which AFA has no standing. Nor does this suit challenge the provisions of the settlement agreement between PBGC and United ("Settlement Agreement"), which AFA has litigated without success in the Seventh Circuit. PBGC also generally disputes any statements of fact quoting portions of documents or testimony

already in evidence, as these documents speak for themselves. Lastly, PBGC disputes any facts relating to documents or testimony that are not included in the FA Plan administrative record, including those documents or testimony in the administrative record supporting the termination of United's other pension plans, but not in the FA Plan administrative record.[1] PBGC did not rely on these documents in making its determination to terminate the FA Plan, and thus they are not material to this suit.

 PBGC responds specifically to each paragraph of AFA's statement of material facts as follows.

 1. PBGC does not dispute this statement.

 2. PBGC does not dispute this statement.

 3. PBGC admits the existence of the minutes included at AR-14 of the FA Plan administrative record, but states that the document speaks for itself.

 4. PBGC does not dispute the first sentence of this statement. As to the second sentence, PBGC admits the existence of the Declaration of Michael Kramer included at AR-824 of the FA Plan administrative record, but states that the document speaks for itself. PBGC disputes and objects to the remaining portion of this statement, as it quotes from testimony that is not in the FA Plan administrative record. Moreover, to the extent that this transcript is relevant, the document speaks for itself.

 5. PBGC admits the existence of the Gershwin plans, but states that those documents speak for themselves. PBGC objects to the last sentence of this statement, which addresses

---

[1] *See* LCvR 7(h) (requiring that an opposition to a motion for summary judgment be accompanied by a statement of material facts not in genuine dispute that "shall include references to the parts of the record relied on to support the statement.")

events that occurred after the decision that is before the Court for review and therefore is irrelevant.

      6. PBGC does not dispute the first sentence of this statement. However, PBGC disputes and objects to the second sentence, as it relies on materials outside the FA Plan administrative record, and is not material to this case. As to the remaining portion of this statement, PBGC admits to the existence of the settlement agreement between PBGC and United included at AR-95 of the FA Plan administrative record, but states that the document speaks for itself.

      7. PBGC objects to and disputes this statement as the page cited therein does not pertain to the matters discussed. However, PBGC does not dispute that the Plan has approximately 28,600 participants.

      8. PBGC admits to the existence of the documents included at AR-129 and AR-725 of the FA Plan administrative record, but states that those documents speak for themselves. PBGC disputes and objects to the last sentence, which does not include references to the parts of the record relied on to support the statement, and involves other United pension plans, which are not material to this case.

      9. PBGC admits to the existence of the declaration included at AR-726 of the FA Plan administrative record, but states that the document speaks for itself. PBGC disputes and objects to the last sentence, which does not include references to the parts of the record relied on to support the statement, and involves other United pension plans, which are not material to this case.

10. PBGC admits the existence of 26 C.F.R. § 1.404(a)-6(a)(2), but states that the regulation speaks for itself. PBGC disputes the remainder of this statement, and objects to its reliance on materials outside the FA Plan administrative record.

11. PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

12. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. To the extent permitted, these documents speak for themselves.

13. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. To the extent permitted, these documents speak for themselves.

14. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. To the extent permitted, these documents speak for themselves.

15. PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

16. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. To the extent permitted, these documents speak for themselves.

17. PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

18. PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

19. PBGC disputes that facts relating to the Pilot Plan are material to this suit. To the extent permitted, these documents speak for themselves.

20. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. To the extent permitted, these documents speak for themselves.

21. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. Moreover, this is a restatement of a legal argument, not a fact. To the extent permitted, the referenced document speaks for itself.

22. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case. To the extent permitted, the referenced document speaks for itself.

23. PBGC disputes this statement as it relies on materials outside the FA Plan administrative record, and is not material to this case.

24. PBGC disputes that facts relating to the Pilot Plan are material to this suit. To the extent permitted, the referenced documents speak for themselves.

25. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

26. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

27. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

28. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

29. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

30. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

31. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

32. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

33. PBGC disputes that facts relating to settlement negotiations are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

34. PBGC disputes that facts relating to the Ground Plan termination are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

35. PBGC dispute that facts relating to the Ground Plan termination are material to this suit. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

36. PBGC disputes the statement as it relies on documents outside the FA Plan administrative record. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

37. PBGC disputes the statement as it relies on documents outside the FA Plan administrative record. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

38. PBGC disputes the statement as it relies on documents outside the FA Plan administrative record. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

39. PBGC does not dispute this statement.

40. PBGC disputes these statements are material. To the extent permitted, PBGC admits the existence of the referenced documents, but states that the documents speak for themselves.

41. PBGC does not dispute this statement.

42. PBGC does not dispute the first sentence of this statement. PBGC disputes the remainder of the statement as it characterizes a document that speaks for itself.

43. PBGC disputes the statement as it characterizes a document that speaks for itself.

44. PBGC disputes the portion of the statement that rely on a document not in the administrative record; to the extent permitted, the document speaks for itself.

45. PBGC disputes the portion of the statement that quotes from a document not in the administrative record; to the extent permitted, the document speaks for itself.

46. PBGC disputes the portion of the statement that quotes from a document not in the administrative record; to the extent permitted, the document speaks for itself.

47. PBGC disputes the portion of the statement that quotes from a document not in the administrative record; to the extent permitted, the document speaks for itself.

48. PBGC does not dispute this statement.

49. PBGC does not dispute the first sentence of this statement. PBGC disputes that the statement accurately reflects the document referred to; the document speaks for itself.

50. PBGC does not dispute the first sentence of this statement. PBGC disputes that the remainder of the statement accurately reflects the document referred to; the document speaks for itself  themselves.

51. PBGC disputes the first portion of this statement as immaterial and nonfactual in nature and references documents not in the administrative record. PBGC also disputes the portion of the remainder of the statement of fact that quotes from a document not in the administrative record; to the extent permitted, the document speaks for itself.

52. PBGC does not dispute this statement of material fact.

53. PBGC disputes that facts relating to the MAPC Plan are relevant and material. PBGC also disputes this statement as it references documents not within the FA Plan administrative record.

54. PBGC disputes this statement in that it misstates the unfunded benefit liabilities and unfunded benefit guaranteed by PBGC for the FA Plan.  The unfunded benefit liabilities were $2.038 billion and the unfunded guaranteed liabilities were $1.7629 billion when PBGC issued its termination determination.  AR 2.

55. PBGC does not dispute the first sentence of this statement.  PBGC disputes the remainder of this statement as it characterizes and quotes partially documents that speak for themselves.

56. PBGC disputes this statement of material fact as it characterizes and quotes partially documents in the FA Plan administrative record that speak for themselves.

57. PBGC admits the existence of the memorandum at pages AR-32-33 of the FA Plan administrative record, but states that the document speaks for itself.

58. PBGC admits the existence of the Trusteeship Working Group Draft Minutes of June 21, 2005, included at page AR-19 of the FA Plan administrative record, but states that the document speaks for itself.

59. PBGC admits the existence of the Executive Summary included at page AR-7 of the FA Plan administrative record, but states that the document speaks for itself.

60. As to the first sentence of this statement, PBGC admits that the TWG recommended that the FA Plan be terminated under § 1342(a)(2) because the Plan would be unable to pay benefits when due.  With respect to the second sentence of this statement, PBGC admits that

Greenhill's May 18 memorandum was attached to the memorandum from DISC and was considered by the TWG. As to the remaining sentences, PBGC admits the existence of the Executive Summary included at page AR-7 of the FA Plan administrative record, but states that the document speaks for itself. Unless specifically admitted, this statement of material fact is denied.

61. PBGC admits the existence of the Trusteeship Working Group Draft Minutes of June 21, 2005, included at page AR-21 of the FA Plan administrative record, but states that the document speaks for itself.

62. PBGC disputes this statement as it relies on material outside the FA Plan administrative record, and is not material to this case. To the extent permitted, these documents speak for themselves.

63. PBGC admits that United provided notice of its intent to reduce contributions for the 2004 plan year pursuant to the Pension Funding Equity Act on June 30, 2004 and that this notice is included in the FA Plan administrative record at AR-S 3952. The document speaks for itself.

64. PBGC disputes this statement as it relies on material outside the FA Plan administrative record, and is not material to this case. To the extent permitted, the document speaks for itself.

65. PBGC admits the existence of the Greenhill presentation included at page AR-S 4628 of the FA Plan administrative record, but states that the document speaks for itself.

66. As to the first sentence of this statement, PBGC admits the existence of its legal memorandum included at page AR-611 of the FA Plan administrative record, but states that the document speaks for itself. PBGC disputes the second sentence of this statement as it relies on

material outside the FA Plan administrative record and addresses events that occurred after the decision that is before the Court for review and therefore is irrelevant.

67. PBGC disputes this statement as it as it relies on material outside the FA Plan administrative record and addresses events that occurred after the decision that is before the Court for review and therefore is irrelevant.

68. PBGC disputes this statement as it as it relies on material outside the FA Plan administrative record and addresses events that occurred after the decision that is before the Court for review and therefore is irrelevant.

69. PBGC admits the existence of the Greenhill presentation included at pages AR-135-150 of the FA Plan administrative record, but states that the document speaks for itself.

70. Generally, PBGC disputes and objects to this statement as containing legal argument rather than facts. To the extent not specifically admitted, this statement is denied. As to the first two sentences of this statement, PBGC admits the existence of the May 12, 2005 Greenhill Analysis, but states that the document speaks for itself. PBGC disputes and objects to the last sentence of this statement as it includes material outside the FA Plan administrative record, and is not material to this case.

71. Generally, PBGC disputes and objects to this statement as containing legal argument rather than facts. To the extent not specifically admitted, this statement is denied. As to the first sentence of this statement, PBGC admits the existence of the May 12, 2005 Greenhill Analysis, but states that the document speaks for itself. PBGC disputes and objects to the last sentence of this statement as it includes material outside the FA Plan administrative record, and is not material to this case.

72. Generally, PBGC disputes and objects to this statement as containing legal argument rather than facts. To the extent not specifically admitted, this statement is denied. PBGC disputes and objects to both sentences of this statement as they include material outside the FA Plan administrative record, and are not material to this case.

Date: November 4, 2005                    Respectfully submitted,


                                          /s/ Andrea M. Wong
                                          JEFFREY B. COHEN, DC Bar #347880
                                          Chief Counsel
                                          CHARLES L. FINKE
                                          NANCY HEERMANS, DC Bar #291757
                                          Associate Chief Counsels
                                          JOHN A. MENKE, DC Bar #370540
                                          PAULA CONNELLY, DC Bar #389055
                                          Assistant Chief Counsels
                                          SHANNON L. NOVEY, DC Bar #476277
                                          ANDREA M. WONG, DC Bar #449128
                                          DEVA KYLE
                                          Attorneys
                                          PENSION BENEFIT GUARANTY CORP.
                                          Office of the Chief Counsel
                                          1200 K Street, NW, Suite 340
                                          Washington, D.C. 20005-4026
                                          (202) 326-4020, ext. 3848 (telephone)
                                          (202) 326-4112 (facsimile)
                                          Wong.Andrea@pbgc.gov & efile@pbgc.gov